Mr. Sam T. Heuer, Attorney at Law Union National Plaza Building 124 West Capitol, Suite 1650 Little Rock, AR 72201
Dear Mr Heuer:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of the City of Camden that have been requested by the local media.
You state that you represent Ms. Sharon Haynes, who was a lieutenant with the Camden Police Department. Recently, after an internal affairs investigation, Ms. Haynes was suspended for a period of 30 days and demoted from the position of lieutenant to the position of patrolman. You state that you have filed an appeal of this decision to the Civil Service, and that you are in the process of scheduling a hearing on the matter. A freedom of information request has been made to the city by the local media, seeking a copy of the investigation file, Ms. Haynes' personnel file, or both, as they pertain to this matter.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have not indicated whether the custodian of the records has determined that the requested records should be released. You have also not provided copies of the records that have been requested. For these reasons, I cannot issue a conclusive opinion concerning this matter. However, I will set forth the pertinent provisions of law, upon the basis of which you will able to determine whether the records that have been requested should be released.
If any of the records that have been requested constitute "employee evaluation or job performance records," they should not be released at this time.
Under the FOIA, employee evaluation or job performance records can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A threshold question, therefore, is whether any of the requested records constitute "employee evaluations or job performance records." The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. Although I cannot formulate an official definition for undefined statutory language, I note that the Attorney General has consistently taken the position that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
Some of the records in Ms. Haynes' personnel file may constitute "employee evaluation or job performance records." In addition, this office has previously stated, in various factual contexts, that internal investigation records involving specific incidents and specific employees constitute job performance records, where they detail the actions of employees within the scope of their employment. See Att'y Gen. Op. Nos. 91-153; 91-003, 89-073, 89-036, and 88-162. An ultimate determination of whether any of these records constitute employee evaluation or job performance records is essentially factual in nature, and must be based upon a review of the particular records.
If, as a factual matter, any of the records in Ms. Haynes' personnel file, or the records in the investigation file constitute "employee evaluation or job performance records," they should not be released, because there has not been a final administrative resolution of the suspension proceeding. The Attorney General has consistently opined that there has been no final administrative resolution until the appeal process has been completed (or until the time period for the appeal process has lapsed). See Op. Att'y Gen. No. 98-006.
Some of the requested records may constitute "personnel records."
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
The FOIA does not define the term "personnel records." However, the Attorney General has consistently taken the position that "virtually all records pertaining to individual employees," and that are not employee evaluation or job performance records, constitute "personnel records."See, e.g., Op. Att'y Gen. No. 99-054, citing Watkins, The ArkansasFreedom of Information Act, (mm Press 2d ed. 1994) at 125.
In determining whether the disclosure of particular records would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" will occur is a question of fact. See Op. Att'y Gen. No. 98-001. Unless it can be factually established that the release of these records would constitute a clearly unwarranted invasion of Ms. Haynes' personal privacy, the "personnel records" exemption will not apply to these records, and they should be released. (It should be noted that certain information, such as Ms. Haynes' social security number, and any unlisted telephone numbers must be redacted from these records prior to their release. Ms. Haynes' home address and listed telephone number can also be redacted if the facts are such that she has a heightened privacy interest in this information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA]. See Stilleyv. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos.99-049; 99-016. Finally, other records in Ms. Haynes' file could be subject to a specific exemption, such as the exemptions for medical and academic records. Such records should not be released.)
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh